IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVON L. CLARK, GA-5971,　　　　　　)
　　　Petitioner,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　) 2:10-cv-592
　　　　　　　　　　　　　　　　　　　　)
SUPERINTENDENT, et al.,　　　　　　　)

MEMORANDUM and ORDER

Mitchell, M.J.:

Davon L. Clark has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Davon L. Clark an inmate at the State Correctional Institution at Huntingdon has presented a petition for a writ of habeas corpus. Petitioner is currently serving a fifteen and three-quarter to thirty-one and a half year sentenced imposed following his conviction, by a jury, of burglary, attempted rape, aggravated indecent assault and aggravated assault at No. CP-65-CR-3571-2002 in the Court of Common Pleas of Westmoreland County Pennsylvania. This sentence was imposed on September 29, 2004.[1]

An appeal was taken to the Superior Court in which the questions presented were:

1. Whether the trial court erred in the denial of Appellant's request to voir dire and/or remove juror Kristina Ghrist given an established prima facia case of juror bias?

2. Whether the trial court erred in the denial of Appellant's Motion for Judgment

---

[1] See: Petition at §§ 1-6 and the answer of the Commonwealth.

of Acquittal/Arrest of Judgment as the verdict was against the weight of the evidence and the evidence was legally insufficient to support the verdict?

3. Whether the trial court erred in denying Appellant's evidence from establishing Tyrone Moore as the actual perpetrator of this crime?[2]

On February 10, 2006, the judgment of sentence was affirmed.[3] No further relief was sought in the appellate courts of the Commonwealth.

On March 7, 2006, a post-conviction petition was filed and relief was denied on July 16, 2007.[4] An appeal was taken to the Superior Court in which the questions presented were:

I. Whether trial counsel is ineffective for failing to request voir dire of a juror and a mistrial immediately upon being made aware of potential for bias or prejudice by said juror.

II. Whether appellate counsel was ineffective for failing to raise alleged ineffectiveness of trial counsel for failing to request a mistrial upon becoming aware of potential bias and prejudice of a juror.

III. Whether the trial court erred as a matter of law in refusing to allow any testimony in regards to potential juror bias.

IV. Whether appellate counsel was ineffective for failing to raise on direct appeal the trial court's allowance of in court voice identification of the alleged victim on rebuttal.[5]

---

[2] See: Brief for Appellant, at p.a63. We also note that the appeal was totally couched in terms of Pennsylvania statutes and case law (pp. a58-a59).

[3] Id. at pp.a105-a116.

[4] See: Petition at §11.

[5] See: Brief for Appellant at p. a177. We note that the appeal brief is based almost exclusively on Pennsylvania case law and Pennsylvania Rule of Evidence 606(d). It does however make reference to United States v. Cocivera, 104 F.3d 566, 570 (3d Cir. 1996) for the proposition that claims of ineffective assistance of trial counsel should not be raised until collateral review is sought, as in Pennsylvania's post-conviction proceedings. Thus, the case is not cited for any substantive federal propositions.

2

On September 30, 2008, the denial of post-conviction relief was affirmed.[6]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the sole issue was:

> Whether appellant was entitled to an evidentiary hearing regarding possible juror bias related to the claim that trial counsel was ineffective for failure to apprise the trial court in a timely manner of said juror bias.[7]

On April 28, 2009, leave to appeal was denied.[8]

The instant petition was placed in the prison mail system on April 26, 2010.[9] In the petition, Clark contends he is entitled to relief on the following grounds:

> 1. Whether trial counsel was ineffective for failing to request voir dire of juror and a mistrial immediately upon being aware of potential for bias or prejudice by said juror
>
> 2. Whether trial court erred as a matter of law in refusing to allow any testimony in regards to potential juror bias.
>
> 3. Whether appellate counsel was ineffective for failing to raise alleged ineffectiveness of trial counsel for failing to request a mistrial upon becoming aware of potential bias and prejudice of a juror.
>
> 4. Whether the trial court erred in the denial of the motion for judgment of acquittal/arrest of judgment as the verdict was against the weight of evidence and the evidence was insufficient to support a conviction.
>
> 5. Whether appellate counsel was ineffective for failing to raise on direct appeal the trial court's allowance of in court voice identification of the alleged victim on

---

[6] Id. at pp. a210-a220.

[7] Id. at p. a-226. We note that the petition relies on two Pennsylvania cases and Pennsylvania Rule of Evidence 606(d) exclusively (p. a223).

[8] Id. at p. a-263.

[9] See: Petition at p.15.

3

rebuttal.[10]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

---

[10] See: Petition at § 12.

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Bronshtein v. Horn, 404 F.3d 700, 723 (3d Cir.2005), cert .denied 546 U.S. 1208 (2006), the Court held:

We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...

A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

In the instant case, it would appear that the petitioner presented the claims which he seeks to raise here to the Pennsylvania appellate courts in either his direct appeal or in his post-conviction appeal and thus he has effectively exhausted the available state court remedies. However, in order to preserve federal issues for subsequent consideration in a federal habeas corpus filing, the state courts must be specifically presented with notice that an issue raised in

5

those courts specifically alleges a violation of federally protected rights. That is, "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief... or by simply labeling the claim 'federal'" Baldwin v. Reese, 541 U.S. 27, 32 (2004). Accordingly, a petitioner must present a federal claim's factual and legal basis to the state courts in such a manner as to put those courts on notice that a federal claim is being asserted. Halloway v. Horn, 355 F.3d 707 (3d Cir.2004). As we observed in footnote 5, supra.,the only reference to federal case or statutory law contained in Clark's state court petitions is a reference to United States v. Cocivera, supra for the proposition that like the state courts, the federal courts also expect that a claim of ineffective assistance of trial counsel be raised in a collateral proceeding and not on direct appeal.

Thus, it is readily apparent that the petitioner never sought to raise the substance of his claims in the state courts as matters of federal proportion. According, he has failed to exhaust the available state court remedies as to these claims and his petition here is subject to dismissal.

For these reasons, the petition of Davon L. Clark for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

ORDER

AND NOW, this 27th day of July 2010, for the reasons set forth in the foregoing Memorandum, the petition of Davon L. Clark for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

s/ Robert C. Mitchell<br>
United States Magistrate Judge