IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVON L. CLARK, GA-5971,   )
    Petitioner,   )
                                 )
    v.   )   2:10-cv-592
                                 )
SUPERINTENDENT, et al.,   )

MEMORANDUM and ORDER

Mitchell, M.J.:

      Davon L. Clark, an inmate at the State Correctional Institution at Huntingdon, has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      Clark is currently serving a fifteen and three-quarter to thirty-one and a half year sentence imposed following his conviction, by a jury, of burglary, attempted rape, aggravated indecent assault and aggravated assault at No. CP-65-CR-3571-2002 in the Court of Common Pleas of Westmoreland County Pennsylvania. This sentence was imposed on September 29, 2004.[1]

      An appeal was taken to the Superior Court in which the questions presented were:

1. Whether the trial court erred in the denial of Appellant's request to voir dire and/or remove juror Kristina Ghrist given an established prima facia case of juror bias?

---

[1] See: Petition at §§ 1-6 and the answer of the Commonwealth.

2. Whether the trial court erred in the denial of Appellant's Motion for Judgment of Acquittal/Arrest of Judgment as the verdict was against the weight of the evidence and the evidence was legally insufficient to support the verdict?

3. Whether the trial court erred in denying Appellant's evidence from establishing Tyrone Moore as the actual perpetrator of this crime?[2]

On February 10, 2006, the judgment of sentence was affirmed.[3] No further relief was sought in the appellate courts of the Commonwealth.

On March 7, 2006, a post-conviction petition was filed and relief was denied on July 16, 2007.[4] An appeal was taken to the Superior Court in which the questions presented were:

I. Whether trial counsel is ineffective for failing to request voir dire of a juror and a mistrial immediately upon being made aware of potential for bias or prejudice by said juror.

II. Whether appellate counsel was ineffective for failing to raise alleged ineffectiveness of trial counsel for failing to request a mistrial upon becoming aware of potential bias and prejudice of a juror.

III. Whether the trial court erred as a matter of law in refusing to allow any testimony in regards to potential juror bias.

IV. Whether appellate counsel was ineffective for failing to raise on direct appeal the trial court's allowance of in court voice identification of the alleged victim on rebuttal.[5]

On September 30, 2008, the denial of post-conviction relief was affirmed.[6]

---

[2] See: Answer at p.63a.

[3] Id. at pp.105a-116a.

[4] See: Answerat §11.

[5] See: Brief for Appellant at p.177a. We note that the appeal brief is based almost exclusively on Pennsylvania case law and Pennsylvania Rule of Evidence 606(d). It does however make reference to United States v. Cocivera, 104 F.3d 566, 570 (3d Cir. 1996) for the proposition that claims of ineffective assistance of trial counsel should not be raised until collateral review is sought, as in Pennsylvania's post-conviction proceedings. Thus, the case is not cited for any substantive federal propositions.

[6] Id. at pp. 210a-220a.

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the sole issue was:

> Whether appellant was entitled to an evidentiary hearing regarding possible juror bias related to the claim that trial counsel was ineffective for failure to apprise the trial court in a timely manner of said juror bias.[7]

On April 28, 2009, leave to appeal was denied.[8]

The instant petition was executed on April 26, 2010.[9] In the petition, Clark contends he is entitled to relief on the following grounds:

> 1. Whether trial counsel was ineffective for failing to request voir dire of juror and a mistrial immediately upon being aware of potential for bias or prejudice by said juror
>
> 2. Whether trial court erred as a matter of law in refusing to allow any testimony in regards to potential juror bias.
>
> 3. Whether appellate counsel was ineffective for failing to raise alleged ineffectiveness of trial counsel for failing to request a mistrial upon becoming aware of potential bias and prejudice of a juror.
>
> 4. Whether the trial court erred in the denial of the motion for judgment of acquittal/arrest of judgment as the verdict was against the weight of evidence and the evidence was insufficient to support a conviction.
>
> 5. Whether appellate counsel was ineffective for failing to raise on direct appeal the trial court's allowance of in court voice identification of the alleged victim on rebuttal.[10]

It is provided in 28 U.S.C. §2254(b) that:

---

[7] Id. at p.226a. We note that the petition relies on two Pennsylvania cases and Pennsylvania Rule of Evidence 606(d) exclusively (p.223a).

[8] Id. at p.263a.

[9] See: Petition at p.15.

[10] See: Petition at § 12.

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a

question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In <u>Bronshtein v. Horn</u>, 404 F.3d 700, 723 (3d Cir.2005), cert .denied 546 U.S. 1208 (2006), the Court held:

> We must thus decide whether the state Supreme Court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

The background to this prosecution is set forth in the Superior Court's February 10, 2006 Memorandum:

> In the early morning hours of August 16, 2002, K.O., the victim, awoke in her bedroom to find an unidentified male assailant inserting his fingers into her vagina. The victim screamed, but the unidentified male held a knife to her throat and told her to stop screaming. During the assault, the victim felt the individual's face and hair, and she determined that the assailant was an African-American by the texture of his hair. The assailant commanded her to stop touching his face, and he pressed the knife to her throat. The assailant told her that he was going to have sex with her, and he commanded her to remove her bed clothing. As the assailant was climbing onto the victim's bed, the victim pushed him away, and he fell to the floor. While falling, the assailant inflicted minor injuries on the victim's neck and shoulder. The victim ran out of the room and screamed for her roommates, and the assailant ran down the stairs and out of the apartment. While running down the stairs, the victim observed her assailant hit his head on the stair overhang. The victim glimpsed the assailant from behind, and she described the

>assailant as an African-American male, wearing a blue plaid shirt and baggy shorts. The victim's roommate, Melanie Cook, also saw the assailant run down the stairs, and she offered a similar description of his appearance.
>
>The victim called the Greensburg Police Department, and they arrived at the scene to investigate the incident. During the investigation, the Greensburg Police Department contacted the Westmoreland County Detectives' Bureau for analysis of the crime scene. Detective Timothy Sethman examined the residence and determined two possible points of entry the assailant could have used to gain access to the home, i.e., a partially open window in the downstairs bathroom and a window on the porch of the residence. After "dusting" these areas for fingerprints, Detective Sethman recovered several fingerprints from the outside and inside of the bathroom window and window sill and from the counter and sink in the bathroom. Computer analysis identified the fingerprints as belonging to the Appellant.
>
>Following fingerprint identification, the police arrested Appellant and … at the conclusion of trial, the jury found Appellant guilty of the following offenses: burglary, attempted rape, aggravated indecent assault (two counts), and aggravated assault…[11]

In the instant case, it would appear that the petitioner presented the claims which he seeks to raise here to the Pennsylvania appellate courts in either his direct appeal or in his post-conviction appeal and thus he has effectively exhausted the available state court remedies.

Three of the petitioner's five allegations here, Nos. 1, 3 and 5, concern the alleged ineffective assistance of counsel and his remaining arguments are No.2 that the trial court erred in not permitting testimony regarding juror bias, and No. 4 that the verdict was against the weight of the evidence which was insufficient to support his conviction.[12]

At the post-conviction hearing held on May 15, 2007,[13] petitioner's trial counsel testified that he and the petitioner discussed whether or not the petitioner should testify at trial; that he thought the petitioner should testify since his testimony was necessary to explain the presence of his fingerprints in the victim's apartment and that the defendant elected to testify (pp. 136a-137a, 139a, 141a, 142a); that his own fingerprint expert also identified the petitioner's fingerprints as

---

[11] See: pp.105a-107a to the Answer of the Commonwealth.
[12] See: Petition at ¶12.

having been present at the crime scene (p.139a); that he did not believe there was any evidence other than fingerprints to tie the petitioner to the crime scene (p.142a); that it was only after the defendant testified that counsel became aware that the victim was going to be recalled as a prosecution witness to identify the petitioner as her assailant based on voice recognition (p.137a); that he recognized that as a result of the petitioner electing to testify, his juvenile record would come into evidence (p.142a-143a); that he did not object to the introduction of the knife seized from the petitioner's apartment since that knife did not match the description of the knife given by the victim and would therefor weaken the prosecution (p.141a, 143a-144a) and that he did not represent the petitioner on appeal (p.137a).

Petitioner's appellate counsel testified that he filed a post-trial motion for judgment of acquittal based on the victim's voice identification of the petitioner when he testified in his own defense (p.147a); that he did not raise this issue on appeal since he could not discover any precedent for this argument (p.148a, 150a); that he did argue on appeal challenging the police testimony concerning their search through fingerprint records to identify the petitioner thereby giving rise to an inference that Clark had a prior criminal record (p.148a, 153a); and that he believed he had stronger appellate issues than those which he tactically elected not to raise (p.151a).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient

---

[13] The transcript of the post-conviction hearing appears at pp.130a-156a of the answer.

to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong.  See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

The first argument that the petitioner raises is that counsel was ineffective for failing to request voir dire of a juror for potential bias and request a mistrial on this ground. The issue of juror bias arose as a result of juror Kristina Ghrist's failure to acknowledge that she knew witness Jessica Frye who was called as a defense witness. Following her testimony Frye disclosed to defense counsel that while giving her testimony she recognized juror Ghrist as an individual who had picked on her in high school (TT.571). This matter was brought to the attention of the court while the jury deliberated in petitioner's motion for a mistrial. The court called Jessica Frye into chambers where she testified that during her school years she had tormented juror Ghrist (TT.576).

> In her February 22, 2005 Opinion[14] the trial court wrote:
>
> The Court was reluctant to disrupt deliberations, and ultimately decided not to do so. Critical to that decision was the fact that the witness apparently did not inform defense counsel right away, and defense counsel did not inform the Court right away. Both of those facts suggested that they were not extremely concerned. In addition [the juror] had been questioned during selection as to whether or not she knew the witness (by name), and she answered that she did not, though she answered other questions in the affirmative … This suggested that the witness might have been mistaken…
>
> Further, all of the jurors had been instructed to decide the case fairly and impartially and to consider the evidence… Past experience was not part of the evidence, and, based upon the Court's instruction, it would have been rejected by any and all of the jurors if it had come up.
>
> Finally, it was never alleged that the juror had any axe to grind against the witness, let alone Defendant. It was clear from the witness's testimony that any animosity between the witness and the juror had come from the witness. It was

---

[14] Id. at pp. 83a-101a.

> never alleged that this juror had shown any prejudice whatsoever.
>
> In sum, this Court did not see the "prima facie case of juror bias" that Defendant now alleges, and the Court was not willing to risk damaging deliberations...[15]

In reviewing this conclusion, the Superior Court citing to Pa.R.Crim.P. 605[16] determined that the petitioner failed to notify the trial court of this information as soon as possible and waited until the jury had commenced its deliberations. Based on this conclusion, the Court determined that the motion for a mistrial was untimely and that the trial court did not abuse its discretion in denying the motion.[17]

Matters of trial procedure determined under independent and adequate state court grounds are not subject to review in a habeas corpus proceeding, <u>Bowe v. Lord</u>, 2003 WL 21845184 (S.D.N.Y.2003), absent a showing of cause or prejudice. No such showing is made here and the claim does not provide a basis for relief.

Furthermore, in reviewing this contention, the post-conviction court observed that "As defense counsel did in fact move the court [for a mistrial and to voir dire the juror] he cannot be deemed to be ineffective for failing to do so..."[18] The court ultimately determined that the issue was not timely raised in that counsel did not immediately notify the court of this matter but rather counsel requested the witness to view the juror the next day to make sure of her conclusion before bring the matter to the attention of the court. In reviewing this claim, the Superior Court concluded as a matter entrusted to the discretion of the trial judge, there was no showing of an abuse of that discretion.[19]

We find that the record is clear that counsel raised this issue with the trial court and the latter in its exercise of discretion rejected the argument. As such, trial counsel cannot be deemed ineffective and appellate counsel cannot be deemed ineffective for failing to raise this issue. <u>Real

---

[15] Id. at pp. 94a -97a.
[16] Rule 605 provides:
　　(B) When an event prejudicial to the defendant occurs during trial only the defendant may move
　　for a mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial judge may
　　declare a mistrial only for reasons of manifest necessity.
[17] See: Answer at p.110a.
[18] See: Answer at p.159a.

v. Shannon, 600 F.3d 302 (3d Cir.2010).

The final claim petitioner makes regarding the ineffective assistance of counsel is his allegation that counsel was ineffective for failing to appeal the trial court's allowance of in court voice identification of the petitioner by the victim during rebuttal.

After discussing the matter with counsel the petitioner elected to testify in an effort to explain the presence of his fingerprints at the crime scene. He testified that he had previously been at two parties at the victim's residence including one a week before the assault, thus attempting to explain the presence of his fingerprints at the crime scene (TT.404-405, 407, 413, 424, 428-429).

As observed earlier, during the assault the victim had an opportunity to hear the perpetrator's voice. After he testified at trial, the victim was called as a rebuttal witness and related that having heard the petitioner's testimony she was able to conclude that his voice was the same as that of her assailant (TT. 480-481). Defense counsel then asked the reporting police officer if the witness had ever indicated that she would be able to identify her assailant's voice and he answered negatively (TT.490). This is a proper purpose of rebuttal in that the petitioner's voice could have only become an issue after he testified. United States v. Mallis, 467 F.2d 567 (3d Cir.1972). Thus again counsel cannot be deemed ineffective for failing to object to its introduction and counsel cannot be deemed ineffective for failing to raise a meritless argument. Real v. Shannon, supra. Thus, there is no basis upon which to conclude that counsel was ineffective.

The petitioner also argues that the trial court erred in not permitting voir dire and/or removal of a juror on the grounds of juror bias, and whether the court erred in denying a judgment of acquittal based on insufficiency of the evidence to support the conviction. These issues were before the Superior Court in Clark's direct appeal.[20]

The issue regarding the trial court's failure to voir dire a juror or remove that juror has been discussed above, and clearly demonstrates that in denying the request the trial court clearly

---

[19] Id. at p.217a.

acted within the scope of its discretion. For this reason, this claim does not provide a basis for relief.

The petitioner also argues that the trial court erred in denying his motion for acquittal due to the insufficiency of the evidence. In claims of insufficient evidence a federal habeas corpus court must determine whether any rational finder of fact could determine guilt beyond a reasonable doubt on the basis of the evidence presented. Jackson v. Virginia, 443 U.S. 307, 324 (1979) ("the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have proof of guilt beyond a reasonable doubt").

The petitioner was convicted of burglary (18 Pa.C.S.A.§3502)[21], attempted rape (18 Pa.C.S.A. 901)[22], aggravated indecent assault (18 Pa.C.S.A.§3125)[23] and aggravated assault (18 Pa.C.S.A.§2702.[24] Additionally, petitioner elected to testify in his defense in a strategic attempt to account for his fingerprints at the crime scene, and following that testimony the victim identified him as her assailant as a result of hearing his voice (TT.480-481). From the factual recitation of the testimony leading to Clark's conviction, it is clear that a jury could easily have determined guilt beyond a reasonable doubt.

For these reasons, the conviction was not secured in a manner contrary to Supreme Court case law and the petitioner is not entitled to relief here. Accordingly, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[20] Id. at p.108a.
[21] Burglary is defined as "enter[ing] a building or occupied structure… with intent to commit a crime therein…"
[22] "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime."
[23] "[A] person who engages in penetration, however, slight, of the genitals or anus of a complaint with a part of the person's body for any purpose … commits aggravated indecent assault…"
[24] "A person is guilty of aggravated assault if he: (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon."

ORDER

AND NOW, this 3rd day of November 2011, for the reasons set forth in the foregoing Memorandum, the petition of Davon L. Clark for a writ of habeas corpus is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

                                                s/ Robert C. Mitchell
                                                United States Magistrate Judge